ABRAHAM FELDMAN v.
ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 19960

FELDMAN LOCKER PLANT, INC. v.
ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 19961

Memorandum filed November 27, 1951.

*Waller, Anderson & Smith,* of New London, for the Plaintiffs.

*George C. Conway,* Attorney General and *Harry Silverstone,* Assistant Attorney General, for the Defendant.

ALCORN, J.   Identical appeals have been taken by two plaintiffs from the determination of the defendant as administrator of the Unemployment Compensation Act in assessing contributions against the plaintiffs from April 1, 1948.   Each appeal is upon the ground that the appellant is not now and never has been subject to the unemployment compensation law. The appeals are presented together upon identical stipulations of operative facts.

The only issue is whether or not, upon the agreed facts, the plaintiffs are subject to assessment under that portion of General Statutes, Sup. 1949, § 628a, which provides as follows: "An employer not previously subject to this chapter shall become subject to this chapter as follows: . . . (4) an employer who has four or more employees in his employment at the same time during any thirteen weeks in any calendar year after 1941 shall become subject to this chapter at the end of the thirteenth of such weeks.   In determining whether an employer in question shall be considered, for the purposes of this section, as having had a particular number of employees in his employment at a given time, there shall be counted, in addition to his own employees, if any, (a) the employees of each employer whose business was at the given time owned or controlled, directly or indirectly, by the same interests which owned or controlled the business of the employer in question. . . ."

Since January 1, 1948, the plaintiff, Abraham Feldman, has individually operated a grocery and locker plant in Norwich which he has managed personally with the aid of one employee. Over the same period he has, within the meaning of the statute, § 628a, owned and controlled the plaintiff, Feldman Locker Plant, Inc.   The corporation, since January 1, 1948, has operated a locker plant in New London.   From January 1, 1948, to September, 1950, it employed three persons, including Abraham Feldman.   In September, 1950, it hired a fourth employee, and in October, 1950, it hired an additional one.

The plaintiffs concede that, as of September, 1950, they are subject to the assessment, but claim that for the period from January 1, 1948, to September, 1950, they are not subject to assessment.   They concede that Abraham Feldman is "the same interest" within the meaning of the statute quoted.   They state, as the question to be decided, "can . . . Abraham Feldman be regarded as both the employer of four employees and, at the same time, as one of the four employees he himself employs?"

Lacking precedents in this state, the plaintiffs invoke the reasoning and authority of *Milrose Co.* v. *Unemployment Compensation Commission,* 126 N. J. L. 441, and *Jack Ulmer, Inc.* v. *Daniel,* 193 S. C. 193. Comparison of the pertinent statutes of those states with the Connecticut statute and analysis of the reasoning of those decisions are not profitable, because the question under our statute is not that of an assessment against "one employing unit," as the plaintiffs state it. On the contrary, the design is to reach "the same interests" which own or control several employing units.

The portion of the statute here involved is designed to defeat avoidance of the beneficial purpose of the Unemployment Compensation Act through the subdivision of an enterprise. *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 221. The statute is to be construed liberally as regards beneficiaries, in order to accomplish its purpose. *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 82.

The statute, in substance, looks first to the "interest" which owns or controls the business of any given employer under consideration. Then, the statute counts, "in addition to" the employees of that employer, the employees of any other employer whose business was owned or controlled by the same "interest."

The owning and controlling "interest" here is Abraham Feldman. He operates one enterprise as an individual. In that he has one employee. He operates another enterprise as a corporation. The corporation is an employer and a legal entity. It has three employees. To hold that because Abraham Feldman, through his control of the corporation, by making himself an employee of the latter can avoid having himself counted as an employee would countenance the very evasion which the statute is designed to prohibit. The possible ramifications which such a construction would permit are easily imagined.

Each employer, under the statute, had four employees, and the assessment in each case was proper.

Both appeals are dismissed.